**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: | |
| | CASE NO.    18-50125 (JAM) |
| WILLIAM DAVID PETERS III and | |
| VICTORIA BROWNING PETERS, | |
|     Debtors. | CHAPTER    7 |
| | |
| ANN BROWNING, RICHARD BROWNING, LANCE BROWNING, KAREN GIUNTA, and JILL MILLIGAN, | |
|     Plaintiffs, | |
| | |
| vs. | |
| | ADV. PRO. NO.    18-05022 (JAM) |
| WILLIAM DAVID PETERS III and VICTORIA BROWNING PETERS, | |
|     Defendants. | ECF NO.    38 |

**APPEARANCES**

Kenneth Votre                                                                  *Attorney for the Plaintiffs*
Votre & Associates
90 Grove Street
Ridgefield, CT 06877

Byron Paul Yost                                                               *Attorney for the Defendants*
Law Office of Byron Paul Yost
46 Edgewood Street, Unit 72
Stafford Springs, CT 06076

**MEMORANDUM OF DECISION ON**
**MOTION FOR SUMMARY JUDGMENT**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.    Background**

On May 4, 2018, Ann Browning, Richard Browning, Lance Browning, Karen Giunta, and

Jill Milligan (the "Plaintiffs") commenced this adversary proceeding against William David

Peters III and Victoria Browning Peters (the "Defendants"). The one-count Complaint seeks a determination that a debt owed to the Plaintiffs by the Defendant Victoria Browning Peters is non-dischargeable pursuant to 11 U.S.C. § 532(a)(4). On October 23, 2019, the Plaintiffs filed a Motion for Summary Judgment (the "Motion for Summary Judgment"). ECF No. 38. On December 27, 2019, after the deadline to oppose the Motion for Summary Judgment had passed, the Defendants filed a response to the Motion for Summary Judgment (the "Response"). ECF No. 42. For the reasons that follow, the Motion for Summary Judgment is GRANTED.

## II.  Jurisdiction

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

## III.  Undisputed Facts

Local Rule 56(a)(1) of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut ("Local Rule 56(a)(1)") requires a party moving for summary judgment to file a Local Rule 56(a)(1) Statement of Undisputed Material Facts. D. Conn. L. R. 56(a)(1). Local Rule 56(a)(2) of the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut ("Local Rule 56(a)(2)") requires a party opposing a motion for summary judgment to file a Local Rule 56(a)(2) Statement of Facts in Opposition to Summary Judgment. D. Conn. L. R. 56(a)(2). Local Rule 56(a)(1) and Local Rule 56(a)(2) apply in this adversary proceeding pursuant to D. Conn. Bankr. L. R. 7056-1. Each material fact set forth in a movant's statement and supported by the evidence "will be deemed to

be admitted (solely for the purposes of the motion) unless such fact is controverted by the Local Rule 56(a)(2) Statement required to be filed and served by the opposing party in accordance with this Local Rule…" *See* D. Conn. L. R. 56(a)(1); *see also Parris v. Delaney (In re Delaney)*, 504 B.R. 738, 746-747 (Bankr. D. Conn. 2014).

Neither party has complied with Local Rule 56(a). Under the circumstances present in this case, however, the Court will not deny summary judgment solely on the basis of the Plaintiffs' failure to comply with the local rules. The Court has reviewed the record and the submissions of the parties to decide the Motion for Summary Judgment. The record and the parties' submissions enable the Court to determine the undisputed facts and that the interests of justice and judicial economy are best served in this adversary proceeding by overlooking the parties' technical non-compliance with the local rules. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 346 (E.D.N.Y. 2014) (disregarding movant's failure to submit a statement of undisputed material facts, and reviewing the record to decide whether summary judgment should enter); *Scull v. Hennegan*, No. 15-CV-00309-RJA-JJM, 2017 WL 2374496, at *3 (W.D.N.Y. May 4, 2017), *report and recommendation adopted*, No. 15-CV-309-A, 2017 WL 2362395 (W.D.N.Y. May 31, 2017) (overlooking movant's failure to include a statement of undisputed facts as required by the local rules and declining to deny a motion for summary judgment on that basis).

The Court finds the following undisputed facts:[1]

---

[1] All of the undisputed facts appear in the Plaintiffs' Motion for Summary Judgment and the exhibits attached thereto, and the Defendants' Response, unless otherwise indicated.

1. The Plaintiffs are siblings or step-siblings of the Defendant Victoria Browning Peters.

2. Byram Browning, father of the Plaintiffs and the Defendant Victoria Browning Peters, executed an *inter vivos* trust on June 23, 1993 (the "Trust").

3. The beneficiaries of the Trust are the Plaintiffs and the Defendant Victoria Browning Peters.

4. The Defendant Victoria Browning Peters was the sole trustee of the Trust.

5. Byram Browning died on May 28, 2006.

6. The Plaintiffs began to have questions concerning the terms of the Trust after Byram Browning's death. Their attempts to obtain answers from the Defendant Victoria Browning Peters were unsuccessful.

7. In 2008, after no distributions from the Trust had been made and no information regarding the Trust's terms were forthcoming, the Plaintiff Richard Browning filed a Petition for an Accounting in the Connecticut Probate Court.

8. On April 13, 2012, the Plaintiff Richard Browning filed a Petition for Sanctions against the Defendant Victoria Browning Peters in her capacity as trustee of the Trust in the Connecticut Probate Court. The Petition for Sanctions alleged that the Defendant Victoria Browning Peters mismanaged trust assets, concealed her mismanagement, commingled trust funds with her personal funds, failed to maintain trust records, engaged in self-dealing, and willfully and fraudulently took trust funds that did not belong to her amounting to statutory theft.

9. The Petition for Sanctions sought the following relief:

    i. A finding that the Defendant Victoria Browning Peters owed a fiduciary duty to the Plaintiffs as beneficiaries of the Trust;

      ii. A finding that the Defendant Victoria Browning Peters breached her fiduciary duty to the Plaintiffs as beneficiaries of the Trust;

      iii. A finding that the breach of fiduciary duty was so egregious that it rose to the level of fraud; and

      iv. An imposition of sanctions on the Defendant Victoria Browning Peters to make the beneficiaries whole after they were forced to expend time and money to obtain information about the Trust.

10. The Connecticut Probate Court held two evidentiary hearings on the Petition for Sanctions, at which the Defendant Victoria Browning Peters, who was represented by counsel, testified.

11. On July 3, 2014, the Connecticut Probate Court ruled in the Plaintiffs' favor on the Petition for Sanctions (the "Probate Court Judgment").

12. The Probate Court Judgment makes the following findings:

      i. The Defendant Victoria Peters, as trustee of the Trust, had a fiduciary duty to the other beneficiaries of the Trust.

      ii. The Defendant Victoria Peters breached her fiduciary duty by withholding assets that did not belong to her; by removing, for her own benefit, assets of the Trust; and by benefitting personally at the expense of the other beneficiaries.

      iii. The actions the Defendant Victoria Browning Peters took with respect to the Trust were willful and with the intent to the deprive the other beneficiaries of what was rightfully theirs, and amount to fraud while in a fiduciary capacity.

      iv.   The Defendant Victoria Browning Peters is liable for a surcharge in the amount of $161,734.98.

13.    The Probate Court Judgment is a final judgment.

14.    On February 2, 2018, the Defendants filed a voluntary petition under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1 in Case No. 18-50125.

15.    The Plaintiffs commenced this Adversary Proceeding to determine the non-dischargeability of the Probate Court Judgment on May 4, 2018.

16.    On May 17, 2019, the Defendants' Chapter 11 case was converted to a case under Chapter 7. *See* ECF No. 91 in Case No. 18-50125.

17.    The Plaintiff's Motion for Summary Judgment was filed on October 23, 2019.

## IV.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56 directs that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "Upon consideration of a motion for summary judgment, 'the judge's function . . . is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Delaney*, 504 B.R. at 746 (quoting *Anderson*, 477 U.S. at 249). "[T]he court 'cannot try issues of fact; it can only determine whether there are

issues to be tried.'" *Mex. Constr. & Paving v. Thompson (In re Thompson)*, 511 B.R. 20, 24 (Bankr. D. Conn. 2014) (quoting *Flaherty v. Lang*, 199 F.3d 607, 615 (2d Cir. 1999)).

At the summary judgment stage, the moving party must show there are no material issues of fact, and the court must consider all facts in the light most favorable to the non-moving party. *Conn. Ironworkers Emp'rs Ass'n v. New England Reg'l Council of Carpenters*, 869 F.3d 92, 98-99 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1547 (2018) (citing *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456, (1992); *Gemmink v. Jay Peak Inc.*, 807 F.3d 46, 48 (2d Cir. 2015)). Once the moving party has met its burden, the "party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Official Comm. of Unsecured Creditors of Affinity Health Care Mgmt., Inc. v. Wellner (In re Affinity Health Care Mgmt., Inc.)*, 499 B.R. 246, 251 (Bankr. D. Conn. 2013) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).

**V.    Discussion**

### A. The collateral estoppel effect of the Probate Court Judgment

Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158 (1984); *see also Ball v. A.O. Smith Corp.*, 451 F.3d 66 (2d Cir 2006). It is well-established that the doctrine of collateral estoppel applies in bankruptcy proceedings, and that the doctrine may be used to establish the nondischargeability of a debt. *In re Snyder*, 939 F.3d 92, 100 (2d Cir. 2019) (quoting *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006), *Grogan v. Garner*, 498 U.S. 279, 284 n.11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

"When determining the preclusive effect of a state court judgment, a court must apply the preclusive law of the rendering state." *Thompson*, 511 B.R. at 26 (quoting *Faraday v. Blanchette*, 596 F. Supp. 2d 508, 514 (D. Conn. 2009)). Under Connecticut law, "collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." *Cumberland Farms, Inc. v. Town of Groton*, 262 Conn. 45, 57-58 (2002). To be subject to collateral estoppel, an issue must have been (1) "fully and fairly litigated," (2) "actually decided," (3) "necessary to the judgment" in the first action, and (4) "identical" to the issue to be decided in the second action. *See Faraday*, 596 F. Supp. 2d 508, 515 (citing *State v. Joyner*, 255 Conn. 477, 490 (2001); *Lighthouse Landings, Inc. v. Conn. Light & Power Co.*, 300 Conn. 325, 343 (2011)). "As the Supreme Court observed, relitigation will be barred where 'the issues presented by this litigation are in substance the same as those resolved' in the prior case." *Guo Zhong Wu v. Qiao Lin (In re Qiao Lin)*, 576 B.R. 32, 59 (Bankr. E.D.N.Y 2017) (quoting *Montana v United States*, 440 U.S. 147, 155 (1979)). Direct identity of issues is not required; substantial identity will suffice. *Id.* The party seeking to utilize the doctrine of collateral estoppel bears the burden of proving the elements necessary for its application. *Automated Salvage Transp. Co. v. Swirsky (In re Swirsky)*, 372 B.R. 551, 562 (Bankr. D. Conn. 2006).

### B. The Plaintiffs' section 523(a)(4) claim

The Plaintiffs argue that because the Probate Court Judgment is entitled to preclusive effect under the doctrine of collateral estoppel, summary judgment should enter in their favor on the section 523(a)(4) claim, the sole count of the Complaint. The Court agrees.

The aim of the Bankruptcy Code is to provide a fresh start to the "honest but unfortunate" debtor. *See Cohen v. de la Cruz,* 523 U.S. 213, 217 (1998). Therefore, "while debts owed at the time of the debtor's bankruptcy filing are generally discharged, the Bankruptcy Code provides 'certain categories of nondischargeable debts that Congress has deemed should survive bankruptcy.'" *In re Tashlitsky*, 492 B.R. 640, 644 (Bankr. E.D.N.Y. 2013) (quoting *Giaimo v. DeTrano (In re DeTrano)*, 326 F.3d 319, 322 (2d Cir. 2003)). One such exception from discharge is a debt arising out of "fraud or defalcation while acting in a fiduciary capacity..." *See* 11 U.S.C. § 523(a)(4).

To prevail on a claim of non-dischargeability under section 523(a)(4), a plaintiff must establish two elements: "(i) the existence of a fiduciary relationship between the Plaintiff and Defendant; and (ii) a [fraud or] defalcation committed by the Defendant in the course of that relationship." *In re Fritzson*, 590 B.R. 178, 192 (Bankr. D. Conn. 2018) (quoting *Beaulieu v. Fox (In re Fox)*, 2017 WL 564499, at *3 (Bankr. D. Conn. Feb. 10, 2017); *Mirarchi v. Nofer (In re Nofer)*, 514 B.R. 346, 353 (Bankr. E.D.N.Y. 2014)).

As to the first element of a section 523(a)(4) claim, the Bankruptcy Code does not define "fiduciary relationship." *See In re Fritzson*, 590 B.R. at 192. Rather, "[t]he term 'fiduciary,' for the purposes of § 523(a)(4), is a matter of federal law." *In re Gucciardo*, 577 B.R. 23, 33 (Bankr. E.D.N.Y. 2017). A fiduciary relationship under section 523(a)(4) "generally involv[es] express trusts, technical trusts or statutorily imposed trusts." *Grow Up Japan, Inc. v. Yoshida (In re Yoshida)*, 435 B.R. 102, 108 (Bankr. E.D.N.Y. 2010). An express trust is created "by one entity's transfer of property to another entity coupled with a manifestation of an intention to create a trust." *In re Fritzson*, 590 B.R. at 192 (citation omitted). In addition, "[t]he fiduciary

9

relationship must exist prior to the act creating the debt; a trust relationship cannot be said to arise merely from the wrongful conduct itself." *Id.* (citation omitted).

As to the second element, section 523(a)(4) "speaks in the alternative in that the cause of action may be based on fraud *or* defalcation." *In re Tripp*, 189 B.R. 29, 35 (Bankr. N.D.N.Y. 1995); *In re Deutsch*, 575 B.R. 590, 600-01 (Bankr. S.D.N.Y. 2017) (explaining that if the court determines the defendant was acting in a fiduciary capacity, it next examines whether the defendant's acts constitute fraud or defalcation under section 523(a)(4)). Fraud, under section 523(a)(4), "has generally been interpreted as involving intentional deceit, rather than implied or constructive fraud." 4 Collier on Bankruptcy ¶ 523.10[1][b], 532-71 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.). Defalcation "refers to a failure to produce funds entrusted to a fiduciary." *Id.* For the purposes of section 523(a)(4), defalcation "requires an 'intentional wrong,' 'conduct the fiduciary knows is improper' or 'reckless' conduct." *See In re Watterson*, 524 B.R. 445, 452 (Bankr. E.D.N.Y. 2015) (quoting *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273-74 (2013)); *see also Snyder*, 939 F.3d at 102 ("Defalcation also requires a culpable state of mind, specifically, knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior.") (quotation marks and citation omitted). The culpable state of mind requirement is met "if the fiduciary consciously disregards (or is willfully blind to) a substantial and unjustifiable risk that h[er] conduct will turn out to violate a fiduciary duty." *Snyder*, 939 F.3d at 102 (citing *Bullock*, 569 U.S. at 274).

In this case, the elements of a section 523(a)(4) cause of action were established in the Probate Court Judgment and are entitled to preclusive effect. The two elements of a section 523(a)(4) claim are identical to the issues that were litigated before the Probate Court. As to the first element, a fiduciary relationship, the Petition for Sanctions expressly sought a determination

that the Defendant Victoria Browning Peters owed a fiduciary duty to the Plaintiffs as beneficiaries of the Trust.  The Probate Court Judgment concluded that she did because she was the trustee of an *inter vivos* trust of which the Plaintiffs were beneficiaries.  The Probate Court Judgment establishes that there is a fiduciary relationship under section 523(a)(4).  *See In re West*, 339 B.R. 557, 566 (Bankr. E.D.N.Y. 2006) ("Generally, a debtor acts in a fiduciary capacity under § 523(a)(4) if [s]he serves under a technical or express trust.").  Accordingly, the Court finds that there is no genuine issue of material fact as to the Defendant Victoria Browning Peters's status as a fiduciary within the meaning of section 523(a)(4).

The Probate Court Judgment also establishes the second element of a section 523(a)(4) claim, fraud or defalcation.  The Probate Court Judgment found that the actions of the Defendant Victoria Browning Peters as trustee of the Trust amounted to fraud because they were done willfully and with the intent to deprive the other beneficiaries of what was rightfully theirs.  Thus, the "intentional deceit" required for a showing of fraud under section 523(a)(4) has been established.  *See* 4 Collier on Bankruptcy ¶ 523.10[1][b], 532-71 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

The Probate Court Judgment also establishes defalcation by concluding that the Defendant Victoria Browning Peters withheld assets that did not belong to her, removed Trust assets for her own benefit, and benefitted personally at the expense of the other beneficiaries.  These actions amount to conduct that easily meet the requirement that the fiduciary "consciously disregards (or is willfully blind to) a substantial and unjustifiable risk that h[er] conduct will turn out to violate a fiduciary duty."  *See Snyder*, 939 F.3d at 102; *c.f. In re Weinstein*, 173 B.R. 258, 268 (Bankr. E.D.N.Y. 1994) (holding a jury finding that the debtor breached his fiduciary duty by, among other things, making inadequate distributions to beneficiaries and paying himself

excessive commissions, established the debtor's actions "went far beyond mere failure to account for funds held in trust" and amounted to defalcation under section 523(a)(4)); *In re Parrish*, No. 08-8014(TJM), 2009 WL 6338568 (Bankr. D. Ned. 2009) (concluding surcharge order from a probate case, which included findings that the debtor took excess distributions for himself and did not properly carry out his duties as a personal representative, constituted defalcation); *In re West*, 339 B.R. 557, 569 (Bankr. E.D.N.Y. 2006) (holding a jury verdict finding that the debtor breached his fiduciary duty to plaintiffs "intentionally and deliberately and with evil motive" to "easily satisf[y] the defalcation requirement of § 523(a)(4)."). Therefore, there is no genuine issue of material fact as to Victoria Browning Peters's actions constituting fraud and/or defalcation within the meaning of section 523(a)(4).

       The elements of a section 523(a)(4) claim were also actually and necessarily decided in the Connecticut Probate Court. In order to impose a surcharge on the Defendant Victoria Browning Peters, it was essential for the Probate Court to find that she breached the fiduciary duty she owed to the Plaintiffs, and that her actions were fraudulent or improper. Finally, the Probate Court Judgment was fully litigated. The Connecticut Probate Court held two evidentiary hearings, during which the Defendant Victoria Browning Peters was represented by counsel and provided testimony.

       In sum, the elements of fiduciary relationship and fraud or defalcation were both present and fully litigated in the Connecticut Probate Court and were actually and necessarily decided in the Probate Court Judgment. Further, the two elements of this section 523(a)(4) claim are in substance identical to the issues determined in the Probate Court Judgment. Accordingly, the application of collateral estoppel is appropriate in this case and warrants a finding that the Plaintiffs are entitled to judgment as a matter of law.

**VI.** **Conclusion**

For the reasons set forth above, the essential elements of a cause of action for non-dischargeability under section 523(a)(4) were found by a preponderance of the evidence by the Connecticut Probate Court, and there are no genuine issues of material fact to be tried in this adversary proceeding. The Plaintiffs are therefore entitled to a determination as a matter of law that the debt owed to them by the Defendant Victoria Browning Peters is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). The Defendant Victoria Browning Peters's debt to the Plaintiffs of $161,734.98 as found by the Connecticut Probate Court is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). Accordingly, it is hereby

**ORDERED:** The Plaintiffs' Motion for Summary Judgment is GRANTED; and it is further

**ORDERED:** A separate judgment as to the non-dischargeability of the Defendant Victoria Browning Peters's debt pursuant to 11 U.S.C. § 523(a)(4) will enter.

Dated at Bridgeport, Connecticut this 5th day of March, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut